UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:02CR341 (EBB) |
| | : | |
| | : | December 8, 2004 |
| SHORELINE MOTORS | : | |
| CORPORATION, et al. | : | |

**MOTION TO CONTINUE JURY SELECTION**

On October 19, 2004, a federal grand jury returned a 22-count superseding indictment in the above-captioned case. The indictment charges Shoreline Motors Corporation and eight individuals with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and various counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 2(a), and 2(b). The superseding indictment alleges certain specific offense enhancements in light of the U.S. Supreme Court's decision in *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004). Jury selection is presently scheduled for January 11, 2005.

In October 2004, the Supreme Court heard argument in two cases, *United States v. Booker*, No. 04-104, 2004 WL 1713654 (*cert. granted* August 2, 2004) and *United States v. Fanfan*, No. 04-105, 2004 WL 1713655 (*cert. granted* August 2, 2004), which will decide whether and to what extent the reasoning of *Blakely* applies to the federal sentencing guidelines. The federal bench and bar are awaiting the Supreme Court's decisions in *Booker* and *Fanfan*. In the interim, the Government believes it is advisable to continue the trial in this case for an additional 90 days, until April 12, 2005, in order to permit the Supreme Court to resolve the

**ORAL ARGUMENT NOT REQUESTED.**

issues that currently surround federal sentencing. This fraud case involves the application of several specific offense characteristics and Chapter 3 adjustments under the Sentencing Guidelines. The Government respectfully submits that the proposed continuance furthers the interest of justice to the extent it likely will allow the Court and the parties to litigate this case consistent with the Supreme Court's emerging jurisprudence concerning federal sentencing.[1]

Secondly, the timing of this request is driven in part by the fact that the undersigned counsel recently was advised that he requires knee surgery to reconstruct a torn ligament and repair torn cartilage. Once surgery is performed, according to the undersigned's orthopedist, the undersigned will likely be on crutches for 2-3 weeks and will begin a 6-8 week period of intense rehabilitation, involving multiple physical therapy sessions per week. If the trial in this case is continued to April 2005, the undersigned will be able to undergo knee surgery in early January and have sufficient time to recover in order to try this case, it is hoped, without physical difficulties and/or medical interruptions.

As of the filing of this motion, Government counsel have communicated with counsel for seven of the nine defendants concerning this matter. Counsel for defendants Shoreline Motors

---

[1] Defendant Michael Rivera has filed two motions relating to *Blakely* - a motion to strike some of the sentencing allegations from the superseding indictment, as well as a motion for a bifurcated trial. Clearly, counsel for Rivera believes that his client will be prejudiced if all of the sentencing allegations currently contained in the indictment are permitted to go to the jury. As set forth in its memorandum in opposition to Rivera's motion, the Government believes that there would be no prejudice inherent in the jury receiving the indictment as currently worded. Indeed, the current state of the law, which admittedly is unclear, requires the Government to include such language in an indictment such as the one pending in this case. A reasonable continuance of the sort requested in this motion may obviate the need for the Court to decide the pending motions absent clear guidance from the Supreme Court and, depending on the nature of that guidance, may also obviate the need for the Court to instruct the jury on, and for the jury to decide, complex sentencing issues in what is already a complex multi-defendant case.

Corporation, Bruce Vetre, Richard Brown, Richard Dominguez, Dariel Perez Torres, Michael Rivera, and Nelson Datil have stated that their clients do not object to this Motion. The Government has left telephone messages and/or sent faxes to counsel for defendant Angel Hernandez and defendant David Brown this Motion. The Government has not heard back from these attorneys as of the afternoon of December 8, 2004. The Government notes that all of the defendants are presently at liberty on bond.

It is expected that the defense attorneys who have indicated no objection to the continuance suggested herein will follow up this motion with the filing of speedy trial waivers from their clients in which they waive their speedy trial rights up through April 12, 2005.

This is the Government's first motion to continue jury selection since the return of the Third Superseding Indictment.

For the foregoing reasons, the Government moves the Court for an Order continuing jury selection until April 12, 2005.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JONATHAN BIRAN
Federal Bar Number ct21922
Assistant United States Attorney
MICHAEL S. McGARRY
ASSISTANT U.S. ATTORNEY
Federal Bar Number ct25713
157 Church Street, 23rd Floor
New Haven, CT 06510
(203) 821-3700

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 8th day of December, 2004, to the following counsel of record:

Edmund Q. Collier, Esq.
Dey, Smith & Collier LLC
771 Boston Post Road
Milford, CT 06460
(counsel for Shoreline Motors Corporation)

Jeffrey Olgin, Esq.
74 Rose Hill Rd.
Branford, CT 06405
(counsel for Angel Hernandez)

Alan J. Sobol, Esq.
Gerard Collins, Esq.
O'Connell, Flaherty & Attmore, L.L.C.
280 Trumbull Street
Hartford, CT 06103-3598
(counsel for Bruce Vetre)

Thomas G. Dennis, Esq.
Federal Public Defender
10 Columbus Blvd. 6th Floor
Hartford, CT 06106-1976
(counsel for Michael Rivera)

Richard S. Cramer
449 Silas Deane Highway
Wethersfield, CT 06109
(counsel for David Brown)

Salvatore DePiano
Edward Czepiga
56 Lyon Terrace
Bridgeport, CT 06604
(counsel for Richard Dominguez)

Michael S. Hillis, Esq.
Dombroski Knapsack & Hillis LLC
205 Whitney Avenue
New Haven, CT 06511
(counsel for Richard Brown)

Jonathan J. Einhorn, Esq.
412 Orange Street
New Haven, CT 06511
(counsel for Nelson Datil)

Ethan A. Levin-Epstein
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511
(counsel for Dariel Perez Torres)

JONATHAN BIRAN
ASSISTANT U.S. ATTORNEY